UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

TYRONE JONES,

Plaintiff,

v.

SHERLY RAMSTAD HVASS,
LYNN DINGLE and
DAVID CRIST,

Defendants.

Civil File No. 01-2094 (RHK/FLN)

REPORT AND RECOMMENDATION

Plaintiff, a prisoner at the Minnesota Correctional Facility at Oak Park Heights, Minnesota, has filed a complaint seeking relief under 42 U.S.C. § 1983, for alleged violations of his federal constitutional rights. The matter is presently before the undersigned Magistrate Judge for initial screening pursuant to 28 U.S.C. § 1915A, and for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1.[1] For the reasons discussed below, the Court finds that Plaintiff's complaint fails to state a claim on which relief can be granted, and that this action should therefore be dismissed pursuant to § 1915A(b)(1).

---

[1] This matter was previously before the Court for consideration of Plaintiff's application for leave to proceed in forma pauperis, ("IFP"). (Docket No. 4.) In an order dated November 21, 2001, (Docket No. 5), the Court indicated that Plaintiff's IFP application would not be addressed, and that this action would not proceed any further, until Plaintiff paid his initial partial filing fee, (which was determined to be $8.00), as required by 28 U.S.C. § 1915(b)(1). Plaintiff responded to that order by filing an affidavit in which he represents that he cannot afford to pay even an $8.00 initial partial filing fee. (Docket No. 6.) Plaintiff apparently is claiming that he has "no assets and no means by which to pay the initial partial filing fee" required by the Court's prior order, and that he should therefore be excused from paying even a partial filing fee at this time, pursuant to 28 U.S.C. § 1915(b)(4). The Court accepts Plaintiff's assertion that he cannot pay his initial partial filing fee right now, and the case will therefore proceed to initial screening under § 1915A, even though Plaintiff has not paid the $8.00 fee prescribed by the previous order.

FILED ______ 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD ______
DEPUTY CLERK ______

## I. BACKGROUND

Plaintiff claims that he has already spent more time in prison than he should have, and he is seeking relief from three Minnesota prison officials who allegedly are responsible for his continuing incarceration. The named Defendants are Sherly [sic] Ramstad Hvass, the Commissioner of Corrections for the State of Minnesota, Lynn Dingle, the Warden at the Minnesota Correctional Facility at Oak Park Heights, and David Crist, the Warden at the Minnesota Correctional Facility at Stillwater. Plaintiff apparently believes that these three Defendants are somehow responsible for keeping him in prison beyond his proper release date, because (i) they have misinterpreted his original sentence, (ii) they have failed to give him proper credit for all of the time he has been in custody, (iii) they have not complied with certain court orders entered after the original sentencing order, and/or (iv) they have simply decided to continue to detain him, without any just cause, after his universally acknowledged release date.

In the section of his complaint entitled "relief," Plaintiff indicates that he is seeking compensatory damages in the amount of $1000 for each day that he remains in custody, plus punitive damages from each of the three named Defendants, ($90,000 from both Ramstad Hvass and Dingle, and $150,000 from Crist). He is also seeking a "preliminary injunction for immediate release."

## II. DISCUSSION

Because Plaintiff is a prisoner who is seeking redress from government employees, his pleading must be subjected to preliminary "screening" pursuant to 28 U.S.C. § 1915A, which is part of the Prison Litigation Reform Act of 1995, ("PLRA"). Section 1915A requires federal courts to review the pleadings in every prisoner civil rights action against

governmental agents and agencies "before docketing, if feasible or, in any event, as soon as practicable after docketing." 28 U.S.C. § 1915A(a). The Court must determine which aspects of the pleading are actionable and should be allowed to proceed. To the extent that the pleading, on its face, fails to state a cognizable claim, it must be dismissed. 28 U.S.C. § 1915A(b)(1).

Here, the action must be dismissed in its entirety pursuant to § 1915A(b)(1), because Plaintiff's claims are barred under the principles discussed by the Supreme Court in Preiser v. Rodriguez, 411 U.S. 475 (1973) and Heck v. Humphrey, 512 U.S. 477 (1994). In both of those cases, the Court held that an individual in state custody cannot challenge the propriety of his or her confinement in a federal civil rights action. Habeas corpus is the exclusive federal remedy for a person who believes that he or she is wrongly incarcerated. Heck, 512 U.S. at 481, citing Preiser, 411 U.S. at 488-490; see also, Sheldon v. Hundley, 83 F.3d 231, 233 (8th Cir. 1996).

In the instant case, it is readily apparent that Plaintiff is challenging the propriety of his continuing confinement by the State of Minnesota. Indeed, he is expressly asking this Court to enter an injunction that would cause him to be released from prison immediately. According to Preiser and Heck, however, Plaintiff cannot challenge the fact or duration of his confinement in a civil rights action such as this one. Habeas corpus is the sole federal remedy by which Plaintiff can secure his release from custody. Therefore, Plaintiff cannot be granted an injunction in the present civil rights action that would cause him to be released from prison. A federal court can grant such relief to a state prisoner only by writ of habeas corpus. It follows that Plaintiff's pending "Motion for Preliminary Injunction," (Docket No. 2), seeking his immediate release from custody, must be denied.

Even if Plaintiff were not expressly demanding release from custody, he still could not pursue the claims advanced in his present lawsuit. Even when a prisoner demands only money damages for wrongful imprisonment, he cannot bring a civil rights action that would effectively "call into question the lawfulness of [his] conviction or confinement." Heck, 512 U.S. at 483. See also Sheldon v. Hundley, 83 F.3d at 233 ("Heck requires favorable termination of the action in an authorized state tribunal or a federal habeas corpus court, even if the claim is for damages rather than earlier release"). In this case, Plaintiff is clearly claiming that his continuing confinement is unconstitutional, and any judgment in his favor on that claim, whether in the form of injunctive relief or money damages, would obviously cast doubt on the validity of his confinement. According to Heck, Plaintiff cannot maintain a civil rights action based on his allegedly unconstitutional confinement – regardless of the type of relief being sought -- until after he has successfully challenged his confinement in an appropriate forum, i.e., in a state post-conviction proceeding, (see Minn.Stat. §§ 589.01 et seq. [state habeas corpus petition] and §§ 590.01 et seq. [state post-conviction motion]), or in a federal habeas corpus proceeding, (see 28 U.S.C. § 2254).

Under different circumstances, Plaintiff's complaint might be construed as an application for federal habeas corpus relief, and entertained as such. See Offet v. Solem, 823 F.2d 1256, 1257 (8th Cir. 1987); Feeney v. Auger, 808 F.2d 1279, 1280-81 (8th Cir. 1986); but see Copus v. City of Edgerton, 96 F.3d 1038, 1039 (7th Cir. 1996) (holding that a civil rights action that is barred by Heck should be dismissed, and should not be converted to a habeas case). That cannot be done here, however, because Plaintiff has not exhausted his state court remedies, and he is therefore ineligible for federal habeas

relief at this time. 28 U.S.C. § 2254(b)(1)(A); O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999) ("the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition"). To exhaust his state court remedies, Plaintiff must pursue his demand for release from custody to the Minnesota Supreme Court. Id. at 845 ("[b]ecause the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts,... state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process") (emphasis added). It does not appear that Plaintiff has presented his release-from-custody claims to the State Supreme Court, so he is not eligible for federal habeas corpus relief at this time.

**III. CONCLUSION**

In sum, Plaintiff has failed to state a claim on which relief can be granted, because he cannot challenge the validity of his current confinement in a federal civil rights action. Because Plaintiff has failed to plead a cognizable claim for relief, this action must be summarily dismissed pursuant to 28 U.S.C. § 1915A(b). It follows that Plaintiff's application for leave to proceed in forma pauperis, (Docket No. 4), must also be denied. See 28 U.S.C. § 1915(e)(2)(B)(ii). Notwithstanding the dismissal of this action, Plaintiff will remain liable for the unpaid balance of the $150 filing fee.[2] He has not paid any part of the

---

[2] Under the PLRA, prisoners may be excused from pre-paying the full amount of the applicable filing fee before filing an action. However, 28 U.S.C. § 1915(b) clearly states that prisoners "shall be required to pay the full amount of the filing fee." In other words, prisoners are permitted to file actions without paying the full filing fee in advance, but they still remain liable for the fee. Ashley v. Dilworth, 147 F.3d 715, 716 (8th Cir. 1998) ("[t]he purpose of the [PLRA] was to require all prisoner-litigants to pay filing fees in full, with the

fee to date, so he still owes the full $150 at this time. Prison officials will have to deduct that amount from Plaintiff's institutional trust account and pay it to the Clerk of Court in the manner prescribed by 28 U.S.C. § 1915(b)(2). Finally, the dismissal of this action should count as a "strike" against Plaintiff for purposes of 28 U.S.C. § 1915(g).

## IV. RECOMMENDATION

Based upon the above, and upon all the files, records, and proceedings herein,

**IT IS RECOMMENDED** that:

1. Plaintiff's "Application to Proceed Without Prepayment of Fees," (Docket No. 4), be **DENIED**;

2. Plaintiff's "Motion For Preliminary Injunction," (Docket No. 2), be **DENIED**;

3. This action be **SUMMARILY DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915A(b)(1);

4. Plaintiff be required to pay the unpaid balance of the Court filing fee, namely the full $150, in accordance with 28 U.S.C. § 1915(b)(2); and

5. For purposes of 28 U.S.C. § 1915(g), this action be dismissed "on the grounds that it is frivolous, malicious, or fails to state a claim on which relief may be granted."

Dated: Dec. 21, 2001

FRANKLIN L. NOEL
Chief Magistrate Judge

---

only issue being whether the inmate pays the entire filing fee at the initiation of the proceeding or in installments over a period of time"). Nothing in the PLRA suggests that the dismissal of a prisoner's action would extinguish the ultimate obligation to pay the filing fee. See In re Tyler, 110 F.3d 528, 529-30 (8th Cir. 1997) ("the PLRA makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or files an appeal").

Pursuant to Local Rule 72.1(c)(2), any party may object to this report and recommendation by filing with the Clerk of Court and serving all parties, within ten days after being served with a copy thereof, written objections which specifically identify the portions of the proposed findings, recommendations or report to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief with ten days after service thereof. All briefs filed under this rule shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.